El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Villamil Development (Villamil) es una sociedad especial organizada bajo las leyes del Estado Libre Asociado de Puerto Rico y se dedica al arrendamiento de propiedad inmueble. A su vez, es dueña de una parcela de terreno sita en la Ave. Ponce de León en Hato Rey. En ésta enclava un edificio de once pisos, de los cuales cuatro se encuentran destinados a oficinas, seis a estacionamiento y uno a comercio.
El 1 de julio de 2004 el Centro de Recaudación de Ingresos Municipales (CRIM) le cursó a Villamil una notificación de contribución sobre propiedad inmueble para el año fiscal 2004-2005 respecto a la propiedad antes mencionada. En dicha notificación se detallaron las siguientes partidas:
Valor neto tributable: $2,922,668
1. Contribución anual: $235,274.77
2. Contribución primer semestre: $117,637.39
3. Contribución segundo semestre: $117,637.38
El 30 de julio de 2004 Villamil pagó al CRIM $105,873.64. Dicha suma corresponde a la contribución para el primer semestre, menos el 10% de descuento por pronto pago que dispone el Art. 3.43 de la Ley de Contribuciones Municipales sobre la Propiedad (Ley), 21 L.P.R.A. see. 5093, para cuando se efectúa el pago del importe de un semestre dentro del término de 30 días.
En esa misma fecha, Villamil presentó ante el CRIM una solicitud de revisión administrativa, en la cual objetó *395 la valorización de la propiedad inmueble en cuestión. Adujo que el CRIM erró al incluir en la tasación del inmueble ciertas mejoras ascendentes a $175,701.00, hechas por varios inquilinos en sus respectivos locales, ya que éstas son tributables a los inquilinos.
El CRIM denegó la revisión solicitada debido a que Villamil alegadamente incumplió con el requisito jurisdiccional dispuesto en el Art. 3.48 de la Ley, 21 L.RR.A see. 5098a. Dicha disposición estatutaria establece, en lo pertinente, que previo a solicitar una revisión administrativa, el contribuyente debe pagar al CRIM, dentro del término de 30 días a partir de la fecha de depósito en el correo de la notificación sobre contribución: (1) la parte de la contribución con la cual estuviese conforme y un 40% de la parte de la contribución con la cual no estuviese conforme, o (2) la totalidad de la contribución impuesta. Sólo cuando el contribuyente pague la totalidad de la contribución impuesta podrá acogerse al descuento por pronto pago dispuesto en el Art. 3.43 de la Ley, supra.
Al respecto, el CRIM sostuvo que el pago de $105,873.64 efectuado por Villamil —el cual corresponde al importe de la contribución para el primer semestre menos un 10%— no cumplió con el artículo antes mencionado, por cuanto para poder acogerse al 10% tenía que pagar la totalidad de la contribución para el año fiscal 2004-2005, previo a solicitar una revisión administrativa.(1) El CRIM sostuvo, además, que el pago efectuado por Villamil tampoco cumplió con el inciso (1) del Art. 3.48 de la Ley, supra, porque para ello tenía que haber pagado la parte de la contribución con la cual estuviese conforme y el 40% de la contribución con la cual no estuviese conforme.(2)
Insatisfecho, Villamil presentó una demanda sobre impugnación de imposición contributiva contra el CRIM *396 ante el Tribunal de Primera Instancia, Sala Superior de San Juan. En ésta, además de esbozar sus argumentos respecto a la valorización de la propiedad inmueble, adujo que el pago realizado cumplió con el requisito jurisdiccional dispuesto en el citado Art. 3.48 de la Ley; ello debido a que de una interpretación integral del Art. 3.43 de la Ley, supra —el cual regula el descuento por pronto pago— y del Art. 3.48, antes mencionado, surge que el término “totalidad de la contribución impuesta” se refiere a la totalidad de la contribución semestral y no a la totalidad de la contribución anual.
El CRIM presentó una solicitud de sentencia sumaria. En ésta solicitó la desestimación de la causa de acción por falta de jurisdicción, ya que Villamil —previo a solicitar la revisión administrativa— no efectuó el pago de la totalidad de la contribución anual impuesta o, en la alternativa, el pago de la parte de la contribución anual con la cual estuviese conforme, más el 40% de la parte con la cual no estuviese conforme. Adujo que la Ley es clara al establecer, repetimos, que el pago puede ser el total anual menos el 10% de descuento por pronto pago o, en la alternativa, la parte de la contribución anual con la cual estuviese conforme, más el 40% de la parte de la contribución anual con la cual no estuviese conforme.
Luego de que Villamil presentara su oposición a la sentencia sumaria solicitada, y de varios trámites procesales, el tribunal de instancia declaró con lugar la sentencia sumaria presentada por el CRIM. Determinó que cuando en el Art. 3.48, supra, se hace referencia al término “totalidad de la contribución impuesta” se refiere a la cantidad indicada como contribución anual en la notificación emitida por el CRIM, y que dicho requisito no se cumple pagando la cantidad correspondiente a un semestre del año fiscal; por lo cual, para acogerse al 10% de descuento por pronto pago, previo a presentar una revisión administrativa, la Ley exige que el contribuyente pague la totalidad de la contribución anual y no un importe semestral de ésta.
*397 Insatisfecho, Villamil acudió ante el Tribunal de Apelaciones aduciendo que el Tribunal de Primera Instancia había errado al así actuar o decidir. El tribunal apelativo intermedio confirmó la determinación del tribunal de instancia. Determinó que la ley es clara al imponer como requisito el pago del importe anual y que, en modo alguno, se señala en la Ley que la “totalidad de la contribución impuesta” se refiere al importe de un semestre del año fiscal.
Inconforme, Villamil acudió —mediante un recurso de certiorari— ante este Tribunal aduciendo que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que
[e]l artículo 3.48(a) de la Ley de Contribución Municipal dis-pone que el contribuyente que solicite revisión administrativa de la contribución sobre propiedad inmueble, no podrá acogerse al descuento por pronto pago dispuesto en el Artículo 3.43 de la Ley, excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento. Tales disposiciones permiten que el contribuyente se acoja al descuento de 10% si paga la contribución en dos plazos, en enero y julio de cada año fiscal. El Tribunal de Apelaciones erró al enmendar por fiat judicial los términos de pago de la contribución, exigiendo que el contribuyente adelante el pago del segundo semestre de la contribución previo el inicio del trámite administrativo. Petición de certiorari, pág. 4.
Expedimos el recurso. Estando en posición de resolver, procedemos a hacerlo.
I
La Ley Núm. 83 de 30 de agosto de 1991 —mejor conocida como la Ley de Contribuciones Municipales sobre la Propiedad— le confirió a los municipios el poder y la facultad de tasar, imponer, notificar, determinar y cobrar las contribuciones sobre la propiedad. Véase Exposición de Motivos de la Ley Núm. 83 de 30 de agosto de 1991, (Parte 1) Leyes de Puerto Rico 689. A esos fines, el legislador le *398 transfirió al CRIM todos los poderes, las facultades y las funciones relacionadas con las contribuciones sobre la propiedad mueble e inmueble en Puerto Rico; funciones que antes ejercía por el Secretario de Hacienda.
En el 1998 dicha legislación fue objeto de enmienda. Así, mediante la Ley Núm. 135 de 11 de julio de 1998, el legislador adicionó el Art. 3.48 al cuerpo de la Ley, supra. Éste, en lo pertinente, dispone:

Sec. 5098a. Revisión administrativa e impugnación judicial de la contribución sobre la propiedad inmueble

(a) Revisión administrativa.-Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el Centro de conformidad con las sees. 5706 y 5077 de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título, siempre y cuando el contribuyente, dentro del citado término:
(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) pague al Centro de Recaudación la totalidad de la contribución impuesta.
El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la see. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento.
... Cuando la decisión sea favorable [al contribuyente], el Centro vendrá obligado a devolver al contribuyente la parte de la contribución cobrada en exceso, con los intereses correspondientes desde la fecha de pago de la contribución revisada.
El procedimiento de revisión administrativa deberá completarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contributiva la impugne, según lo dispone el inciso (b) de esta sección.
(b) Impugnación judicial.-Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva realizada por el Centro, de conformidad con las sees. 5076 y 5077 de este título y el inciso (a) de esta sección, podrá impugnar la *399 misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las sees. 5076 y 5077 de este título, siempre y cuando dicho contribuyente, dentro del citado término:
(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;
(2) pague al Centro de Recaudación la totalidad de la contribución impuesta.
Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se considerarán de carácter jurisdiccional.
... Si la decisión del tribunal fuere favorable al contribuyente y éste hubiere pagado la contribución impugnada en o con posterioridad a lo establecido en esta sección, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribución o la parte de ella que estimare el tribunal fue cobrada en exceso, con los intereses correspondientes por ley, computados desde la fecha de pago de la contribución impugnada.
El contribuyente que desee impugnar la imposición contributiva, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la see. 5093 de este título, excepto que pague la totalidad de la contribución impuesta e impugnada dentro de los_ términos prescritos por ley para tener derecho al descuento. (Enfasis nuestro.)(3)
A su vez, dicho artículo de ley nos refiere al Art. 3.43 de la Ley, supra, el cual establece que:
Se concederán los siguientes descuentos sobre el importe semestral de la contribución sobre la propiedad inmueble correspondiente al año económico 1992-93 y años siguientes, si el pago se efectuare en la forma y dentro del plazo correspondiente.
(a) Diez por ciento (10%) del monto del semestre si el pago se efectúa dentro de treinta (30) días a partir de la fecha en que el *400 recibo estuviere en poder del colector o del representante autorizado y así se anunciare.
(b) Cinco por ciento (5%) del monto del semestre si el pago se efectúa después de treinta (30) días, pero sin exceder de sesenta (60) días. (Enfasis nuestro.)
II
En síntesis, nos corresponde resolver si mediante el Art. 3.48, supra, el legislador impuso —como requisito jurisdiccional para la revisión administrativa o la impugnación judicial de la contribución impuesta— el pago de la totalidad de la contribución anual notificada o, simplemente, el pago de la parte de la contribución correspondiente a un semestre del año fiscal.
Por un lado, Villamil aduce que cuando el citado Art. 3.48 establece que el contribuyente no podrá acogerse al descuento por pronto pago “excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento”, la frase “dentro de los términos prescritos por ley” se refiere a las pautas establecidas en el Art. 3.43 de la Ley, el cual regula el descuento por pronto pago. De una lectura del citado Art. 3.43, podemos percatarnos que permite aplicarle un 10% o un 5% de descuento al importe semestral de la contribución, si el contribuyente paga dicho importe dentro del término de 30 ó 60 días, respectivamente. Villamil sostiene que debido a que la Ley permite el pago de la contribución en dos semestres, y a que el Art. 3.43 se refiere específicamente al pago del importe de un semestre, el término “totalidad de la contribución impuesta”, utilizado en el Art. 3.48, se refiere a la totalidad de la contribución para un semestre y no a la totalidad de la contribución anual. Es decir, sostiene que debido a que el Art. 3.43 regula el descuento basado en el importe semestral y a que dicho artículo hace referencia al pago por semestre, el término “totalidad” al que alude el Art. 3.48 se refiere a dicha cantidad parcial.
Por otro lado, el CRIM aduce que la frase “dentro de los *401 términos prescritos por ley para tener derecho al descuento” se refiere únicamente al término de 30 días dispuesto en el Art. 3.43 para tener derecho al 10% de descuento; término que, precisamente, coincide con el término jurisdiccional de 30 días para solicitar la revisión administrativa. Sostiene que la interpretación aducida por Villamil no tiene cabida ante el mandato claro de la Ley de que, para tener derecho al descuento, el contribuyente tiene que pagar la totalidad de la contribución impuesta, la cual, precisamente, se impone anualmente.
III
Luego de un detenido examen de las disposiciones legales en controversia, opinamos que la frase “totalidad de la contribución impuesta” se refiere a la totalidad de la contribución anual y no a la totalidad de un importe semestral de ésta. De igual forma, consideramos que la frase “dentro de los términos para tener derecho al descuento” se refiere al término de 30 días dispuesto en el Art. 3.43 para tener derecho a un 10% de descuento. Veamos por qué.
El Art. 14 del Código Civil, 31 L.P.R.A. sec. 14, específicamente dispone que “[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu”. A su vez, el Art. 15 del Código Civil, 31 L.P.R.A. sec. 15, expresa que “[l]as palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces”. En el presente caso, la propia Ley establece que la contribución se impone anualmente, esto es, el 1 de enero de cada año.(4) Ello, en el uso corriente y general de las palabras, significa que sólo se *402 impone una contribución para cada año fiscal y que el término “contribución impuesta” no puede referirse a otra que no sea a la contribución anual.
El hecho de que la Ley permita dividir el pago de la contribución para un año fiscal en dos semestres, no significa que la contribución se imponga dos veces al año y que cada importe semestral sea una contribución impuesta separada e independiente. De hecho, en el propio artículo en el que se establece el pago semestral de la contribución, el legislador hace referencia a la contribución impuesta como una sola y en forma alguna da a entender que los importes semestrales son contribuciones impuestas separadas e independientes. Véase Art. 3.41 de la Ley, 21 L.P.R.A. sec. 5091.(5)
Por otro lado, dentro del uso corriente y general de las palabras, la frase “dentro de los términos” no tiene otro significado que no sea el transcurso de un lapso o período de tiempo. Tan es así, que de una lectura del Art. 3.48 en su totalidad, cada vez que el legislador recurrió a la frase “dentro de los términos” se refirió a un período de tiempo que, en este caso, no puede ser otro que el término de 30 días dispuesto en el Art. 3.43. El único lapso o período de tiempo al cual el Art. 3.43 hace referencia para tener derecho al 10% de descuento por pronto pago es al término de 30 días, el cual, precisamente, coincide con el término para presentar la revisión administrativa.(6)
El que la Ley permita pagar la contribución anual en dos plazos, uno en julio y otro en enero, y que el Art. 3.43 haga referencia a los importes semestrales, no nos faculta *403 ni es razón suficiente para darle una interpretación distinta al lenguaje claro y sin ambages utilizado por el legislador en el Art. 3.48 de la Ley. Las normas de hermenéutica legal así lo prohíben. La única contribución impuesta es la anual y para que el contribuyente pueda tener derecho a un 10% de descuento, previo a solicitar revisión administrativa, tiene que pagar la totalidad de la contribución impuesta, entiéndase, la totalidad de la contribución anual notificada por el CRIM. Así lo dispuso claramente el legislador en el Art. 3.48 antes citado.
En segundo término, el Reglamento emitido por el CRIM, en virtud de la Ley de Contribuciones Municipales sobre la Propiedad, confirma lo antes resuelto. Dicho reglamento, en su Art. IX(2), específicamente dispone que el contribuyente debe pagar la totalidad de la contribución anual impuesta previo a solicitar revisión administrativa.(7) Véase Reglamento sobre el Procedimiento Administrativo para Impugnar la Notificación de Contribuciones sobre la Propiedad Inmueble, Reglamento Núm. 7221, *404 Centro de Recaudación de Ingresos Municipales, 19 de septiembre de 2006, Art. IX, págs. 8-9.
Resulta pertinente señalar, además, que un examen del historial legislativo de la Ley Núm. 135 del 11 de julio de 1998 —mediante la cual se adicionó el Art. 3.48 a la Ley Núm. 83 en cuestión— confirma lo aquí resuelto. Allí, en el Informe sometido por la Comisión de Asuntos Municipales y la Comisión de Hacienda ante la Cámara de Representantes se expuso lo siguiente:
... primero se dispone que el contribuyente deberá radicar la solicitud de revisión administrativa dentro de los treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación. Además se establece que durante ese término, el contribuyente deberá pagar la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantizándosele el reembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se pague parte de la contribución, el contribuyente no se podrá acoger al descuento por pronto pago dispuesto en el Artículo 3.43. (Enfasis nuestro.) Informe sobre la P. de la C. 1543 de 12 de junio de 1998, pág. 2.
Ello significa que la frase “totalidad de la contribución impuesta”, incluida en el Art. 3.48 de la Ley, no puede referirse a un importe semestral, como aduce Villamil. Ciertamente, un importe semestral califica como “pagar parte de la contribución” y pagar únicamente una parte, impide que el contribuyente se acoja al descuento. Como único puede el contribuyente acogerse al 10% de descuento previo a solicitar revisión administrativa es pagando la totalidad de la contribución anual impuesta, pues pagar el importe semestral o, incluso, pagar la parte de la contribución con la cual estuviese conforme y el 40% de la parte con la cual no estuviese conforme es, indudablemente, “pagar parte” de la contribución.
Coincidimos con el CRIM respecto a que proceder con el pago de la cantidad correspondiente a un semestre, previo a la solicitud de revisión administrativa, presupone que ésta es la contribución impuesta e impugnada, lo que pro *405 piciaría el absurdo de que el contribuyente tendría que solicitar otra revisión administrativa para la contribución impuesta e impugnada que compone el importe correspondiente al segundo semestre. De igual forma, coincidimos con el CRIM respecto a que la referencia hecha en el Art. 3.48 respecto al Art. 3.43 no constituye una modificación implícita de lo expresamente dispuesto en el Art. 3.48, “en el sentido de que basta con pagar el importe semestral de la contribución menos el descuento para cumplir con el requisito jurisdiccional de pagar”. Alegato de la Parte Apelada de 27 de febrero de 2006, pág. 12, Apéndice, pág. 25.
En fin, resolvemos que cuando el legislador hace referencia al término “totalidad de la contribución impuesta”, en el Art. 3.48 de la Ley, se refiere al pago de la totalidad de la contribución anual notificada por el CRIM y, por consiguiente, que para acogerse al 10% de descuento por pronto pago, previo a presentar una revisión administrativa o impugnación judicial, el contribuyente debe pagar la totalidad de la contribución anual y no un importe semestral de ésta. Ello sin perjuicio de lo expresamente dispuesto en el propio Art. 3.48 respecto a que de prevalecer el contribuyente en su impugnación, el CRIM estará obligado a devolverle la contribución pagada en exceso, con los intereses correspondientes desde la fecha de pago de la contribución revisada.
IV
En el caso hoy ante nuestra consideración, Villamil pagó $105,873.64 al CRIM dentro del término de 30 días a partir del depósito en el correo de la notificación de contribución. Dicho pago no fue suficiente para cumplir con el requisito jurisdiccional establecido en el Art. 3.48 de la Ley, pues la suma pagada no constituye la totalidad de la contribución anual menos el 10% de descuento, ni la parte de la contribución anual con la cual estuviese conforme más el 40% de la contribución anual con la cual no *406 estuviese conforme. Para cumplir con lo establecido en el Art. 3.48 de la Ley, Villamil debió haber pagado al CRIM: (1) $226,788.41, suma que corresponde a la parte de la contribución anual con la cual estuvo conforme más el 40% de la parte de la contribución anual con la cual no estuvo conforme, o (2) $211,747.30, suma que corresponde a la totalidad de la contribución anual impuesta menos el 10% de descuento por pronto pago. No lo hizo. Por consiguiente, tanto el CRIM como los tribunales recurridos actuaron correctamente al denegar la impugnación presentada.
V
En mérito de todo lo antes expuesto, procede confirmar las sentencias emitidas por los tribunales recurridos.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton concurrió en el resultado sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.

 Es decir, tenía que pagar $235,274.77 menos el 10% de descuento por pronto pago, para un total de $211,747.30.

 Entiéndase que Villamil también podía optar por pagar $226,788.41, suma que corresponde a la parte de la contribución con la cual estuvo conforme, más el 40% de la parte de la contribución con la cual no estuvo conforme.

 Como puede deducirse de su texto, el Art. 3.48 (21 L.P.R.A. sec. 5098a) establece el mismo requisito de pago para el proceso de impugnación judicial de la contribución impuesta y notificada. Cumplido el requisito a nivel administrativo, se entiende cumplido a nivel judicial.

 Véase Art. 3.18 (21 L.P.R.A. sec. 5068), el cual, en lo pertinente, dispone que “[t]odos los bienes inmuebles serán tasados en el municipio en que estuvieren ubicados, para imponerles contribución, a nombre de la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día primero de enero

 Dicho artículo dispone, en síntesis, que “[l]a contribución impuesta sobre el valor de los bienes inmuebles será pagadera semestralmente al Centro de Recaudación o su representante, por adelantado, el día primero de julio y de enero de cada año”. (Enfasis nuestro.)

 El Art. 3.43 (21 L.P.R.A. sec. 5093) en cuestión también permite que se aplique un 5% de descuento a aquel contribuyente que realice el pago correspondiente luego de los 30 días, pero en o antes de los 60 días. Dicho 5% de descuento no aplica cuando el contribuyente solicita revisión administrativa debido a que éste por ciento de descuento adviene aplicable luego de transcurrido el término de 30 días jurisdiccional para solicitar revisión administrativa.

 Dicho artículo dispone que: “[c]onforme lo dispuesto en el Artículo 3.48 de la Ley 83, el Contribuyente que no estuviere conforme con la notificación de la imposición de la contribución o la notificación de cambio en la valoración según los Artículos 3.26 y 3.27 de la Ley 83, podrá solicitar por escrito al Centro Regional del CRIM correspondiente al municipio donde ubique la propiedad inmueble que concierne la solicitud de revisión o, en los casos correspondientes, a la Oficina Central del CRIM, conforme lo contemplan los Artículos V, XII, XV y XVI de este Reglamento, una revisión administrativa dentro del término jurisdiccional de treinta (30) días calendarios, contados a partir de la fecha de depósito en el correo de la referida notificación siempre y cuando el Contribuyente, dentro del referido término de treinta (30) días: 1) pague al CRIM la parte de la contribución anual con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución anual con la cual no estuviere conforme; o 2) pague al CRIM la totalidad de la contribución anual impuesta para el referido año fiscal, según dispone el Articulo 3.48a de la Ley 83. El pago de la contribución del modo aquí dispuesto constituirá un requisito jurisdiccional para la presentación de una solicitud de revisión administrativa, según dispuesto por la Ley 83 y este Reglamento. Solicitudes presentadas fuera del término provisto por la Ley 83 y el presente Reglamento o sin que se hubiese efectuado el pago de contribución requerido por el Artículo 3.48 de la Ley 83 y este Artículo, se entenderán denegadas de plano, sin que para ello se requiera notificación al Contribuyente al respecto.” Reglamento sobre el Procedimiento Administrativo para Impugnar la Notificación de Contribuciones sobre la Propiedad Inmueble, Reglamento Núm. 7221, Centro de Recaudación de Ingresos Municipales, 19 de septiembre de 2006, Art. IX, págs. 8-9.